UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DELTA SIGMA THETA SORORITY,
INC.,

      Plaintiff,

v.                                     Case No:   2:14-cv-147-FtM-38CM

LETISHA D. BIVINS, ALPHONSO
D. GOINS and FRATHOUSE
CLOTHING, LLC,

      Defendants.

## REPORT AND RECOMMENDATION[1]

Before the Court is Plaintiff Delta Sigma Theta Sorority, Inc.'s ("Delta Sigma") Motion for Leave to File First Amended Complaint (Doc. 78, "Motion to Amend"), and Plaintiff's Motion and Memorandum to Strike as Moot Defendant Letisha D. Bivins' ("Bivins") Motion to Dismiss or, in the Alternative for an Extension of Time to Respond to Defendant Bivins' Motion to Dismiss (Doc. 80, "Motion to Strike"). Plaintiff seeks leave to amend its Complaint which it argues would moot Defendant Bivins' Motion to Dismiss (Doc. 67) if granted. Defendants Bivins and Alphonso D. Goins filed a Joint Opposition to both Motions.[2]   Doc. 82.   The parties have filed a

---

[1] Failure to file written objections to the proposed findings and recommendations contained in this report within **fourteen (14)** days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

[2] Defendant Frathouse Clothing, LLC has yet to obtain counsel and may not represent itself *pro se*. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) (holding that a corporation is an artificial entity that cannot appear *pro se*).

reply (Doc. 98) and surreply (Doc. 99). For the reasons set forth herein, the Court recommends that the Motion to Amend be granted in part and denied in part and the Motion to Strike be granted.

I. Background

This case was originally filed on February 26, 2013, in the United States District Court for the District of Columbia alleging trademark infringement, counterfeiting, and unfair competition under the Lanham Act and two counts under District of Columbia common law for the unauthorized use of Plaintiff's marks. Doc. 1. The case was transferred to this Court pursuant to 28 U.S.C. § 1406(a) on March 17, 2014. Doc. 60. Thereafter, a temporary restraining order was entered; and after a hearing, the Court found a preliminary injunction was appropriate. Docs. 65, 76.

The Plaintiff now seeks to amend its Complaint to remove the counts brought pursuant to District of Columbia common law and to replace with counts under Florida common and statutory law, including: Florida common law trademark infringement (count IX), Florida common law unfair competition (count XI), Florida trademark infringement and contributory trademark infringement pursuant to Fla. Stat. § 495.131 (counts XIII, XIV), and Florida trademark dilution and contributory trademark dilution pursuant to Fla. Stat. § 495.151 (counts XV, XVI). *See* proposed amended complaint, Doc. 103-1. Delta Sigma requested – for the first time in its reply brief – leave to add counts for contributory trademark infringement, contributory counterfeiting and contributory trademark dilution against Defendant Bivins only, and a count under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"),

2

Fla. Stat. § 501.204, against all Defendants. Doc. 98 at 2. Delta Sigma failed to file the proposed amended complaint that included these recently asserted additional counts. So that the Court could consider all of the claims that Plaintiff seeks leave to amend, the Court directed Delta Sigma to file its proposed amended complaint, which included the entirety of the claims that Plaintiff seeks leave to add.[3] Doc. 102. Plaintiff also seeks to amend the "parties" and "jurisdiction and venue" sections to change the Defendants' addresses and reflect the Middle District of Florida. Plaintiff argues that if the Court allows the amendment, it should strike Defendant Bivins' Motion to Dismiss (Doc. 67) as moot; and in the event the Court does not allow the amendment, Plaintiff seeks additional time to respond to Bivins' Motion to Dismiss.

Defendants oppose the amendment, arguing that the additional claims under the Florida Registration and Protection of Trademarks Act, Chapter 495, Florida statutes, ("the Florida Act") (counts XIII, XIV, XV, XVI) would be futile because Plaintiff does not have a trademark registered in the state of Florida, which is required in order to state a claim under the Florida Act. Defendants also argue that the amendment is sought in bad faith to further delay the proceedings and circumvent responding to Bivins' Motion to Dismiss. In the alternative, if leave to amend is granted, Defendants argue that Plaintiff's amendment should be limited to only the amendments to the "parties" and "jurisdiction and venue" sections and those

---

[3] The basis for Delta Sigma's failure to file the proposed amended complaint was that it was limited to a 10-page reply brief. This basis lacks merit as the proposed amendment may be filed as an attachment and would not be included in the page limitation. *See* M.D. Fla. Rule 4.01. *See also* CM/ECF Administrative Procedures at Sec. II.A.7, *available at* www.flmd.uscourts.gov.

amendments necessary to reflect Plaintiff's reliance on Florida common law rather than District of Columbia law and not to allow the additional Florida statutory claims (counts XIII, XIV, XV, XVII).

    II.    Analysis

        a.    Leave to Amend

Rule 15(a) of the Federal Rules of Civil Procedure provides that amendment of a complaint after a responsive pleading has been served, absent written consent of the adverse party, requires leave of court, but "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend is generally granted unless there is a significant reason for the amendment's denial. *Pioneer Metals, Inc. v. Univar USA, Inc.*, 168 F. App'x 335, 337 (11th Cir. 2006). Permissible reasons justifying denial are "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [,and] futility of amendment.'" *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). If a proposed amendment would not survive a motion to dismiss, the motion to amend will be denied as futile. *Coventry First, LLC v. McCarty*, 605 F.3d 865, 869 (11th Cir. 2010). A complaint will be dismissed if it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

When considering whether to grant a motion to dismiss for failure to state a claim on which relief may be granted, the facts alleged in the complaint must be accepted as true, and they must be viewed in the light most favorable to the plaintiff.

*Behrens v. Regier*, 422 F.3d 1255, 1256-57 (11th Cir. 2005) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.* (quotations and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683-84 (11th Cir. 2001) (internal quotation and citation omitted).

Because Defendants have not given their written consent for Delta Sigma's proposed amendment, Delta Sigma may amend its complaint only with leave of Court. Upon review of the parties' filings and the posture of the case, the Court notes that a Case Management and Scheduling Order has not yet been entered in this case. Accordingly, the Motion to Amend is timely.

Defendants argue that amendment to add Florida statutory claims would be futile because Delta Sigma does not have a Florida registered trademark, which Defendants assert is required under the Florida Act. Fla. Stat. § 495.131 (trademark infringement); Fla. Stat. § 151 (trademark dilution). The Court will consider each Section of the statute in turn.

1. Fla. Stat. § 495.131, statutory trademark infringement (Counts XIII, XIV)

Section 495.131, Florida Statutes, provides:

>Subject to the provisions of s. 495.161, any person who shall, without the consent of the registrant:
>
>(1) Use any reproduction, counterfeit, copy, or colorable imitation of a mark *registered under this chapter* in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, to cause mistake, or to deceive; or
>
>(2) Reproduce, counterfeit, copy, or colorably imitate a mark *registered under this chapter* and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles, or advertisements intended to be used upon or in connection with the sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, to cause mistake, or to deceive;
>
>shall be liable in a civil action by the owner of such registered mark for any or all of the remedies provided in s. 495.141, except that under subsection (2) hereof the registrant shall not be entitled to recover profits or damages unless the acts have been committed with knowledge that such mark is intended to be used to cause confusion or mistake or to deceive.

*Id.* (emphasis added). Although Plaintiff alleges that its marks are registered with the United States Patent and Trademark Office (Docs. 1, 79-1 at ¶ 18), Plaintiff does not dispute that the marks at issue in this case are not registered in the state of Florida. Plaintiff argues, however, that pursuant to Fla. Stat. § 495.131, a mark does have to be registered in Florida to be protected by the statute, citing *Phelan Holdings, Inc. v. Wendy's Int'l, Inc.*, No. 2:11-cv-392-FtM-99DNF, 2012 WL 3000263 (M.D. Fla. July 3, 2012) (report and recommendation adopted).[4] In *Phelan*, the court stated: "Although Section 494.131 expressly refers to 'mark[s] registered under this chapter,'

---

[4] Plaintiff also states that it owns several common law marks that are strong and famous. Docs. 1, 79-1 at ¶ 19-20.

6

the Florida Legislature amended the statute in 2006 to protect unregistered, common law marks." *Id.* at *4. The court noted that this is made clear in the preamble to Section 495.131, which explains that the section is "subject to the provisions of s. 495.161." *Id.* Section 495.161 states "[n]othing herein shall adversely affect the rights or the enforcement of rights in marks acquired in good faith at any time at common law." Fla. Stat. § 495.161.

The Court has reviewed the applicable provisions of the Florida Act and notes that although Section 494.131 states that it is subject to the provisions of Section 495.161, Section 495.161 merely acknowledges that Florida recognizes common law rights in trademarks, and the statute does not abrogate the common law rights of owners of marks. "The Florida Trademark Act . . . explicitly preserves common law rights in marks acquired in good faith." *See Tally-Ho, Inc. v. Coast Cmty. Coll.*, 889 F.2d 1018, 1024 (11th Cir. 1989) (quoting Fla. Stat. § 495.161). Notably, Section 495.131 also was amended in 2006 to add the language that any marks "*registered under this chapter*" shall not be reproduced, counterfeited, copied or colorably imitated. *See* 2006 Fla. Sess. Law Serv. Ch. 2006-191 (H.B. 7107).

The Eleventh Circuit has addressed whether registration in the state of Florida is required in order to seek relief under the Florida Act. *Tally-Ho*, 889 F.2d at 1024. The court acknowledged that "[i]n Florida, registration under the trademark statute is '*prima facie* evidence of the validity of the registration, registrant's ownership of the mark, and of registrant's exclusive right to use the mark in this state in connection with the goods or services specified in the certificate, subject to any

7

conditions and limitations stated therein.'" *Id.* at 1023. The court went on to note that the Florida Act permits a *registrant* to sue for infringement under Section 495.131, but "common law owners of unregistered marks are limited to common law remedies in infringement actions." *Id.* at 1024 (emphasis added).

In this case, Delta Sigma has not alleged or shown that any of the marks at issue are registered in the state of Florida. Thus, because common law owners of marks that are unregistered in the state of Florida under Section 495.131 are limited to common law remedies in infringement actions, the Court finds that amendment to add such a claim would be futile. Delta Sigma may bring a count for Florida common law trademark infringement, which it does (count IX), but in order to be afforded protection for trademark infringement under the Florida Act, Plaintiff must have a mark registered in the state of Florida, which it has not shown.

### 2. Fla. Stat. § 495.151, statutory trademark dilution (Counts XV, XVI)

Section 495.151, Florida Statutes, provides, in relevant part:

(1) The owner of a mark that is famous in this state shall be entitled, subject to the principles of equity and upon such terms as the court deems reasonable, to an injunction and to obtain such other relief against another person's commercial use of a mark or trade name if such use begins after the mark has become famous and is likely to cause dilution of the distinctive quality of the famous mark, as provided in this section. In determining whether a mark is distinctive and famous, a court may consider factors, including, but not limited to:

    (a) The degree of inherent or acquired distinctiveness of the mark in this state.

    (b) The duration and extent of use of the mark in connection with the goods and services with which the mark is used.

  (c) The duration and extent of advertising and publicity of the mark in this state.

  (d) The geographical extent of the trading area in which the mark is used.

  (e) The channels of trade for the goods or services with which the mark is used.

  (f) The degree of recognition of the mark in the trading areas and channels of trade in this state used by the mark's owner and the person against whom the injunction is sought.

  (g) The nature and extent of use of the same or similar mark by third parties.

  (h) *Whether the mark is the subject of a state registration in this state or a federal registration* under the Federal Trademark Act of March 3, 1881, or the Federal Trademark Act of February 20, 1905, or a principal register registration under the Federal Trademark Act of July 5, 1946.

(2) In an action brought under this section, the owner of a famous mark shall be entitled only to injunctive relief in this state unless the person against whom the injunctive relief is sought willfully intended to trade on the owner's reputation or to cause dilution of the famous mark.  If such willful intent is proven, and the mark is registered in this state, the owner shall also be entitled to all remedies set forth in this chapter, subject to the discretion of the court and the principles of equity.

…

*Id.* (emphasis added).  With regard to the claim for trademark dilution pursuant to Section 495.151, the Eleventh Circuit has stated that this "provision permits any trademark owner, *whether registered or unregistered*, to prohibit either a non-competitor's or competitor's use of a similar mark if there is a likelihood of injury to business reputation or dilution of the mark's distinctive quality." *Tally-Ho*, 889 F.2d at 1024 (emphasis added).  Indeed, pursuant to the language of the statute, the owner of any mark that is the subject of a federal registration, as is the case here, which is

9

considered famous in the state may seek relief. Fla. Stat. § 495.151. Thus, the Court finds that amendment should be allowed in this regard.

### 3. Contributory Counts and FDUPTA

For the first time in its reply brief, Delta Sigma further requests leave to add counts for contributory trademark infringement, contributory counterfeiting and contributory trademark dilution against Defendant Bivins, and a FDUPTA count, Fla Stat. § 501.204, against all Defendants. Doc. 98 at 2. Instead of denying the request because Plaintiff failed to comply with Local Rule 4.01 and attach a proposed amended complaint which included these counts, the Court afforded Plaintiff the opportunity to provide the Court with a proposed amended complaint that included these counts. Doc. 102. Upon review of the proposed amended complaint (Doc. 103-1), the Court notes that Plaintiff not only added counts against Bivins for federal (count V) and common law contributory trademark infringement (count X), federal contributory counterfeiting (count VI), and federal contributory trademark dilution (count VII), as it stated it would in its reply brief, it also included two additional counts for federal and common law contributory unfair competition (counts VII, XII). These counts were not included in the briefing on Plaintiff's Motion to Amend. Therefore, the request to add these counts should be denied.

With regard to the counts for contributory trademark infringement, contributory counterfeiting, contributory trademark dilution and FDUPTA, Defendants argue that Plaintiff is attempting to unduly delay these proceedings because Plaintiff has been aware of the potential for Florida claims since this lawsuit

was filed, as Defendants have asserted from the beginning that venue is proper in the Middle District of Florida where this action was recently transferred to from the District of Columbia.

The Court has reviewed the proposed amended complaint (Doc. 103-1) and finds that Plaintiff has met the pleading requirements for the contributory trademark infringement, contributory counterfeiting, contributory trademark dilution and FDUPTA counts. These proceedings will not be unduly delayed as a case management and scheduling order has yet to be entered.[5]

### b. Motion to Strike

Delta Sigma argues that in the event the Court grants it leave to file an amended complaint Defendants' Motion to Dismiss (Doc. 67) should be stricken as moot. The filing of an amended complaint supersedes the original complaint. *See Pintando v. Miami-Dad Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (finding that once the district court accepts the amended pleading, "the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments

---

[5] Finally, the Court notes that all counts in Plaintiff's proposed amended complaint contain a paragraph realleging the allegations of all the preceding paragraphs. Doc. 103-1 at ¶¶ 40, 47, 56, 65, 74, 80, 86, 91, 98, 104, 107, 112, 117, 124, 130, 139, 146. This is a shotgun pleading. "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts [ ] contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002); *see also Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). Thus, the Court recommends that if Plaintiff is granted leave to amend, Plaintiff be directed to file the amended complaint containing the counts which the Court finds proper and repleading the counts to specify which factual allegations are relevant to each count.

11

against his adversary"). Therefore, the Court finds that Motion to Dismiss would be moot upon the filing of the amended complaint.

### III.   Conclusion

Accordingly, for the reasons stated in this Report and Recommendation, it is hereby respectfully **RECOMMENDED**:

1. Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 78) be **GRANTED in part and DENIED in part.**

2. Plaintiff be directed to file an amended complaint that includes all counts as set forth in its proposed amended complaint except counts VII, XII, XIII and XIV, specifying which factual allegations are relevant to each count in accordance with the above.

2. Plaintiff's Motion and Memorandum to Strike as Moot Defendant Bivins' Motion to Dismiss or, in the Alternative for an Extension of Time to Respond to Defendant Bivins' Motion to Dismiss (Doc. 80) be **GRANTED**; and Defendant Bivins' Motion to Dismiss (Doc. 67) be **DENIED AS MOOT**.

**DONE** and **ENTERED** in Fort Myers, Florida on this 22nd day of July, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:

Hon. Sheri Polster Chappell
Counsel of record
Unrepresented parties

12