UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DELTA SIGMA THETA SORORITY,
INC.,

       Plaintiff,

v.                                         Case No.: 2:14-cv-147-FtM-38CM

LETISHA D. BIVINS, ALPHONSO D.
GOINS, FRATHOUSE CLOTHING,
LLC,

       Defendants.

_____/

**ORDER**[1]

    This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Carol Mirando (Doc. #104) filed on July 22, 2014.  Judge Mirando recommends granting in part and denying in part Plaintiff Delta Sigma Theta Sorority, Inc.'s Motion for Leave to File First Amended Complaint (Doc. #78).  Plaintiff and Defendant Letisha D. Bivins have timely objected to the Report and Recommendation (Doc. #106, Doc. #108).  In addition, Defendants Bivins and Alphonso D. Goins have opposed Plaintiff's objections.  (Doc. #110).  Plaintiff, however, has not opposed Defendant Bivins' objections, and the time to do so has expired.  Thus, this matter is ripe for review.

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Also before the Court is Plaintiff's Motion to Amend Complaint (Doc. #107) filed on August 4, 2014.  Defendant Bivins filed an Opposition to Plaintiff's Motion to Amend (Doc. #109) on August 18, 2014.  This motion is now ripe for review.

## BACKGROUND

The factual background of this case has been recited at length in the Report and Recommendation (Doc. #104) and need not be repeated in detail here.  Nevertheless, to insert order into the parties' motions and responses, the Court will review the relevant procedural history.

Plaintiff commenced this action on February 26, 2013 (Doc. #1) in the United States District Court for the District of Columbia.  On March 17, 2014, the case was transferred to this Court under 28 U.S.C. § 1406(a).  (Doc. #60).  On April 7, 2014, Defendant Bivins moved to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Doc. #67).  Plaintiff filed two motions in response: a Motion for Leave to File First Amended Complaint (Doc. #78; Doc. #79), and a Motion to Strike as Moot Defendant Bivins' Motion to Dismiss (Doc. #80).  Through the motion to amend, Plaintiff intended to revise the jurisdictional allegations and state law claims given the case's transfer from the D.C. District Court.  (Doc. #79 at 2).  Not surprisingly, Defendants Bivins and Alphonso D. Goins opposed Plaintiff's motions.  (Doc. #82).

On May 27, 2014, Plaintiff filed a reply in further support of its motion to amend the Complaint.  (Doc. #98).  In the reply, Plaintiff requested leave to add additional counts against Defendant Bivins for contributory trademark infringement, contributory counterfeiting, and contributory trademark dilution, and against all Defendants for violating the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat.

§ 501.204.  (Doc. #98 at 2).  Plaintiff did not attach a new proposed amended complaint to the reply.  On June 3, 2014, Defendants Bivins and Goins filed a surreply, challenging the additional counts.  (Doc. #99).

On July 9, 2014, the Court directed Plaintiff to file a proposed amended complaint that included the counts raised in the reply.  (Doc. #102 at 1-2).  Five days later, Plaintiff filed a *revised* proposed First Amended Complaint.[2]  (Doc. #103-1).  In addition to the counts raised in the reply, Plaintiff also included two counts against Defendant Bivins for contributory unfair competition under federal and Florida common law.  (Doc. #103; Doc. #103-1).  Plaintiff did so without notice to Defendants or the Court.

In total, Plaintiff sought leave to add the following counts to the original Complaint:

- Count V: Federal contributory trademark infringement as to Defendant Bivins;

- Count VI: Federal contributory counterfeiting as to Defendant Bivins;

- Count VII: Federal contributory false designation/unfair competition as to Defendant Bivins;

- Count VIII: Federal contributory trademark dilution as to Defendant Bivins;

- Count IX: Florida common law trademark infringement as to all Defendants;

- Count X: Florida contributory trademark infringement as to Defendant Bivins;

- Count XI: Florida common law unfair competition as to all Defendants;

- Count XII: Florida common law contributory unfair competition as to Defendant Bivins;

- Count XIII: Florida Statute § 495.131 trademark infringement as to all Defendants;

---

[2] On September 2, 2014, Plaintiff filed another revised proposed First Amended Complaint that corrects technical errors related to the exhibits to the proposed First Amended Complaint filed on July 14, 2014. (Doc. #111).

- Count XIV: Florida Statute § 495.131 contributory trademark infringement as to Defendant Bivins;

- Count XV: Florida Statute § 495.151 trademark dilution as to all Defendants;

- Count XVI: Florida Statute § 495.151 contributory trademark dilution as to Defendant Bivins; and

- Count XVII: Deceptive and unfair trade practices under Florida Statute § 501.204.

(Doc. #103-1).

On July 22, 2014, Judge Mirando issued a Report and Recommendation on Plaintiff's Motion for Leave to Amend.  (Doc. #104).  Judge Mirando recommends granting Plaintiff leave to amend with the exception of proposed Counts VII, XII, XIII, and XIV.  (Doc. #104).  Both parties object to the Report and Recommendation.  (Doc. #106, Doc. #108).

Plaintiff simultaneously filed, along with its objections to the Report and Recommendation, yet another Motion to Amend.  (Doc. #107).  In this second Motion to Amend, Plaintiff moves to add the contributory unfair competition claims against Defendant Bivins (Counts VII and XII above) that the Report and Recommendation rejects.  (Doc. #107).

Against this backdrop, the Court turns now to the Report and Recommendation.

## STANDARD OF REVIEW

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation.  See 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982).  In the absence of specific objections, there is no requirement that

a district judge review factual findings *de novo*, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations.  See 28 U.S.C. § 636(b)(1)(C).  The district judge reviews legal conclusions *de novo*, even in the absence of an objection.  See Cooper-Houston v. So. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

## DISCUSSION

Having considered the Report and Recommendation and independently examined the file, the Court accepts the Report and Recommendation's findings.  The Court discusses the parties' objections in turn below.

## A.  Counts V, VI, VIII, IX, X, XI, XV, XVI, and XVII

Defendant Bivins challenges the Report and Recommendation, arguing Plaintiff filed its motions to amend in bad faith in order to delay litigation.  (Doc. #108 at 1-3).  She separately argues that the additional claims are futile.  (Doc. #108 at 4).  The Court disagrees.  Plaintiff filed the initial Motion to Amend (Doc. #79) in order to remove counts brought under District of Columbia law and replace them with counts under Florida common and statutory law.  Such a request is reasonable given this matter was transferred from D.C. District Court.  Plaintiff later moved, albeit in its reply, to add counts against Defendant Bivins only, and a FDUTPA violation against all Defendants.  Plaintiff added these claims based on additional research and Defendant Bivins' assertion that her status vis-à-vis Defendant FratHouse Clothing, LLC changed.  (Doc. #98 at 2, 9).  At this early stage of litigation, the Court sees no good reason, and Defendant Bivins has provided none, that this runs afoul of the liberal amendment standards of Rule 15(a) of the Federal Rules of Civil Procedure.  See Foman v. Davis, 371 U.S. 178, 182 (1962) ("If

the underlying facts or circumstance relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."); see also Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262 (11th Cir. 2004) ("Ordinarily, 'if the underlying facts or circumstances relied on by a plaintiff may be a proper subject of relief,' . . . leave to amend 'should be freely given[.]'" (citations omitted)).

Accordingly, the Court adopts the Report and Recommendation's findings as to Counts V, VI, VIII, IX, X, XI, XV, XVI, and XVII.

## B. Counts XIII and XIV

Next, the Report and Recommendation recommends denying Plaintiff's request to add Count XIII for trademark infringement against all Defendants and Count XIV for contributory trademark infringement against Defendant Bivins under Florida Statute § 495.131.  (Doc. #104 at 5-8).  Plaintiff does not object.  (Doc. #107 at 2 n.1).  The Court, therefore, adopts the Report and Recommendation's findings as to Counts XIII and XIV.

## C. Counts VII and XII

As discussed above, Plaintiff included two unfair competition claims against Defendant Bivins (Counts VII and XII) in the revised proposed amended Complaint dated July 14, 2014.  (Doc. #103-1).  Plaintiff did so without notice to the Defendants or this Court.  Having denied Defendants a fair opportunity to respond and consider the requested addition, Judge Mirando recommended excluding these counts.  (Doc. #104 at 10).  Plaintiff now objects.  (Doc. #106).  For the reasons that follow, the Court will adopt the Report and Recommendation as to Counts VII and XII.

Plaintiff directs the Court to its contemporaneously filed Motion to Amend Complaint (Doc. #107), which contains its arguments as to why the Court should not deny

Counts VII and XI, as Judge Mirando recommends.  (Doc. #106 at 1-2).  Referring the Court between independent filings, however, is improper in this District.  Rule 3.01(a) of the Middle District of Florida Local Rules states,

> [i]n a motion or other application for an order, the movant shall include a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request, all of which the movant shall include in a *single document* not more than twenty-five (25) pages.

M.D. Fla. Local Rule 3.01(a) (emphasis added).  The Court is not obligated to ferret through Plaintiff's other filings in order to decipher the arguments Plaintiff wants it to consider on a particular point.  See Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1061 (11th Cir. 2011) ("The Seventh Circuit memorably said that appellate judges 'are not like pigs, hunting for truffles buried in briefs.'" (quoting United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991)); Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998) ("[D]istrict courts . . . have a limited and neutral role in the adversarial process, and [ought to be] wary of becoming advocates who comb the record . . . and make a party's case for [him].").

Setting aside this irregularity, Plaintiff has not provided a compelling argument to refute Judge Mirando's well-reasoned conclusion that Plaintiff failed to give Defendants a fair opportunity to dispute the inclusion of these counts by artfully including them in an amended pleading without any advanced notice.  Indeed, Plaintiff admits, "under the circumstances, neither the Court nor Defendants had an opportunity to consider and respond to a motion seeking to add counts for contributory unfair competition as to Ms. Bivins only."  (Doc. #107 at 2-3).

Apparently recognizing the gravity of this error following Judge Mirando's decision, Plaintiff filed the second Motion to Amend (Doc. #107) along with its Objections to the Report and Recommendation (Doc. #106).   Plaintiff is hoping this second motion will alleviate the notice concerns raised by the Report and Recommendation.   In Plaintiff's own words, it "seeks to rectify an omission from [its] reply to Defendants' joint opposition to [Plainitff's] motion and memorandum to further amend its complaint, filed May 27, 2014 (Doc. #98)."   (Doc. #107 at 1).   Although Plaintiff filed its Objections to the Report and Recommendation and the second Motion to Amend independently, these motions are one in the same, i.e., challenges to Judge Mirando's recommendation to deny Counts VII and XII.   The Court is unmoved by Plaintiff's dual challenge to the Report and Recommendation.   Despite Plaintiff's contention otherwise, it has not rectified its failure to raise the contributory unfair competition claims in a timely and forthcoming manner. Rather, the second Motion to Amend has muddied the case file, confused the briefing, and frustrated the Court's efforts to rule on this matter.

Even considering everything filed to date, Plaintiff fails to offer a persuasive reason for why it added, for the first time and without a forthcoming explanation, Counts VII and XII to the revised proposed First Amended Complaint.   Prior to then, Plaintiff was silent on adding the contributory unfair competition claims.   It also raised these claims nearly one month *after* Defendant filed the surreply, which only addressed the counts Plaintiff raised in its Reply.   Because of Plaintiff's timing in raising Counts VII and XII, Defendants did not have an opportunity to respond and the Court lacked any briefing as to the applicability of these claims.   Had Judge Mirando not diligently reviewed the revised

proposed amended Complaint (Doc. #103-1), Plaintiff would have successfully slipped in Counts VII and XII.

To the extent Plaintiff continues to use its misreading of Rule 4.01 of the Middle District of Florida Local Rules, which limits reply briefs to ten pages, as an excuse for not fling the proposed amended complaint, the Court is unconvinced.  The Court joins Judge Mirando in rejecting this excuse as meritless because a proposed amended complaint is an attachment and not subject to this page limit.  (Doc. #104 at 3 n.3).  Plaintiff's excuse is also misleading since it aptly followed Local Rule 4.01 when it attached the proposed Amended Complaint (Doc. #79-1) on April 21, 2014.

Accordingly, in agreement with Judge Mirando, the Court denies Plaintiff leave to add proposed Counts VII and XII.  Furthermore, for the reasons discussed above, the Court denies as moot Plaintiff's Motion to Amend (Doc. #107).

**D.  Shotgun Pleading**

Finally, the Report and Recommendation finds Plaintiff's revised proposed First Amended Complaint to be a "shotgun" pleading because all counts contain a paragraph realleging the allegations in the preceding paragraphs.  (Doc. #104 at 11 n.5).  A shotgun complaint "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions."  Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002).  When ruling on the sufficiency of a claim, a court is faced with the onerous task of sifting out irrelevancies in order to decide which facts are relevant to a particular cause of action asserted.  See Strategic Income, 305 F.3d at 1295.

Plaintiff objects to this point, arguing the counts share common facts related to Defendants' alleged activities, are interrelated, and build on one another. (Doc. #106 at 2). Plaintiff is concerned that pleading the counts without incorporating by reference earlier allegations would require significant duplication of material previously alleged. (Doc. #106 at 3). The Court is unconvinced. Plaintiff's revised proposed First Amended Complaint (Doc. #103-1) undisputedly incorporates by reference all allegations of the preceding counts. This is the quintessential shotgun pleading. Accordingly, where Plaintiff has leave to amend, it must file an amended complaint that specifies the factual allegations relevant to each count.

In short, the Court finds good cause to grant Plaintiff leave to amend the Complaint in a manner consistent with this Order. To that end, filing an amended complaint will render moot Defendant Bivin's pending Motion to Dismiss (Doc. #67). See Malowney v. Fed. Collection Deposit Grp., 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) (noting, "[a]n amended complaint supersedes an original complaint").

Accordingly, it is

**ORDERED:**

1. The Report and Recommendation of United States Magistrate Judge Carol Mirando (Doc. #104) is **ADOPTED** and the findings incorporated herein.

2. Plaintiff Delta Sigma Theta Sorority, Inc.'s Motion for Leave to File First Amended Complaint (Doc. #78) is **GRANTED in part and DENIED in part**. Plaintiff must file an amended complaint consistent with this Order on or before **January 9, 2015**.

3. Defendant Bivins' Motion to Dismiss (Doc. #67) is **DENIED as moot.**

4. Plaintiff's Motion and Memorandum to Strike as Moot Defendant Bivins' Motion to Dismiss (Doc. #80) is **DENIED as moot**.

5. Plaintiff's Motion to Amend Complaint (Doc. #107) is **DENIED as moot**.

**DONE** and **ORDERED** in Fort Myers, Florida this 19th day of December, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record