UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DELTA SIGMA THETA SORORITY, INC.,

    Plaintiff,

v.                                                    Case No.: 2:14-cv-147-FtM-38CM

LETISHA D. BIVINS, ALPHONSO D. GOINS, FRATHOUSE CLOTHING, LLC,

    Defendants.
_____/

## **ORDER**[1]

    This matter is before the Court on Defendants Letisha D. Bivins, Alphonso D. Goins, and Frathouse Clothing, LLC's Joint Motion to Strike Plaintiff's First Amended Complaint and Exhibits (Doc. #120) filed on February 9, 2015.  Plaintiff Delta Sigma Theta Sorority, Inc. filed a Response in Opposition to Defendants' Joint Motion to Strike on February 23, 2015.  (Doc. #124).  For the following reasons, the Court will deny Defendants' Motion.

    Middle District of Florida Local Rule 3.01(g) states, in pertinent part, that

> [b]efore filing any motion in a civil case, . . . the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement (1) certifying that the moving

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

> counsel has conferred with opposing counsel and (2) state whether counsel agree on the resolution of the motion. The moving party retains the duty to contact opposing counsel expeditiously after filing and to supplement the motion promptly with a statement certifying whether or to what extent the parties have resolved the issue(s) presented in the motion.

M.D. Fla. Local Rule 3.01(g). This rule is designed to foster communication between the parties and help resolve certain disputes without court intervention. See Desai v. Tire Kingdom, Inc., 944 F. Supp. 876, 878 (M.D. Fla. 1996). The importance of Local Rule 3.01(g) in helping avoid needless litigation cannot be overstated. See Esrick v. Mitchell, No. 5:08-cv-50, 2008 WL 5111246, at *1 (M.D. Fla. Dec. 3, 2008) (stating a violation of "Local Rule 3.01(g) constitutes sufficient grounds to deny the relief sought by the noncompliant moving party").

Here, Defendants did not file a Local Rule 3.01(g) certification with the Joint Motion to Strike Plaintiff's First Amended Complaint. (Doc. #120). Instead, Defendants filed a Notice of Conference Pursuant to Local Rule 3.01(g) two weeks *after* their Motion and on the same day that Plaintiff filed its opposition to the Joint Motion. (Doc. #123; Doc. #124). In the notice, Defendants reference an "oversight" for why they failed to confer with Plaintiff prior to filing the Motion. (Doc. #123). This was insufficient under any reading of Local Rule 3.01(g). Since Defendants' certificate is defective, the Court is not required to hear their motion. See Kaplan v. Kaplan, No. 2:10-CV-237-FTM-36, 2011 WL 4061250, at *1 (M.D. Fla. Sept. 13, 2011). Although some oversight can be expected in any contentious litigious, this is not the first time the parties have ignored the Local Rules, and the Court has warned about the consequences of non-compliance. (Doc. #102, Doc. #106, Doc. #112).

Defendants' actions in this instance are also disappointing because it appears at least part of their Motion was capable of resolution independent of the Court. Plaintiff avers "the parties could have come to agreement regarding some, if not all, of the issues presented in the joint motion to strike had counsel for Defendants complied with her duty to confer as required by the rule." (Doc. #124 at 1 n.1). To this end, the Court directs the parties to meet in person to discuss and attempt in good faith to resolve the issues raised in Defendants' Motion. If the parties cannot reach an agreement, they must jointly notify the Court, in detail, why such issues cannot be resolved.

In conclusion, the Court denies without prejudice Defendants' motion. The Court expects this case to move smoothly from this point forward and that the parties will conduct themselves with a spirit of civility and cooperation.

Accordingly, it is now **ORDERED:**

(1) Defendants Letisha D. Bivins, Alphonso D. Goins, and Frathouse Clothing, LLC's Joint Motion to Strike Plaintiff's First Amended Complaint and Exhibits (Doc. #120) is **DENIED without prejudice**.

(2) Defendants Letisha D. Bivins, Alphonso D. Goins, and Frathouse Clothing, LLC's Joint Motion for Leave to File Reply to Plaintiff's Response in Opposition to Defendants' Joint Motion to Strike Plaintiff's First Amended Complaint and Exhibits (Doc. #125) is **DENIED as moot**.

**DONE and ORDERED** in Fort Myers, Florida on this 18th day of March, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record