UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DELTA SIGMA THETA SORORITY,
INC.,

    Plaintiff,

v.                                        Case No.: 2:14-cv-147-FtM-38CM

LETISHA D. BIVINS, ALPHONSO D.
GOINS, FRATHOUSE CLOTHING,
LLC,

    Defendants.
_____/

**ORDER**[1]

This matter is before the Court on Plaintiff Delta Sigma Theta Sorority, Inc.'s Motion for an Order to Show Cause and to Hold Defendants in Contempt (Doc. #122) filed on February 16, 2015. Defendants Letisha D. Bivins, Alphonso D. Goins, and Frathouse Clothing, LLC did not file a written response to Plaintiff's motion, and the time to do so has expired.[2] Although the Defendants did not file a written response, the Court held a Show Cause Hearing on March 24, 2015, at which time both parties were allowed to argue their respective positions. Thus, this matter is ripe for review.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] On March 3, 2015, Defendants filed a Joint Motion to Strike Plaintiff's Motion for an Order to Show Cause and to Hold Defendants in Contempt. (Doc. #126). In this motion, Defendants stated, "[i]n a separate filing to be filed in due court, Defendants will fully explain the legal and factual basis supporting the denial of Plaintiff's contempt motion." (Id. at 2 n.1). To date, Defendants have not submitted any such filing.

## **BACKGROUND**

Plaintiff is a not-for-profit, Greek-letter service organization founded in 1913 and incorporated under the laws of the District of Columbia. (Doc. #116 at ¶¶ 3, 13). Plaintiff owns several trademarks and service marks ("Marks") used to promote its organization. (Id. at ¶ 19; Doc. #116-3). Plaintiff grants licenses to select vendors so that they may sell clothing and other merchandise imprinted with Plaintiff's Marks. (Doc. #116 at ¶ 23; Doc. #116-7).

Defendant FratHouse Clothing, Inc. is a Florida limited liability company that sells apparel and accessories for members of historically African-American sororities and fraternities. (Doc. #116 at ¶ 6). According to Plaintiff, Defendants Alphonso Goins and Letisha D. Bivins are (or were) managing members of FratHouse Clothing. (Id. at ¶¶ 4-5). Although Defendants are not approved vendors of Plaintiff, they have allegedly been selling and advertising merchandise (e.g., tee shirts, polo shirts, tote bags, and drawstring bags) imprinted with Plaintiff's registered and unregistered Marks on Facebook, Twitter, and its website (www.frathouseclothing.com).

Consequently, Plaintiff commenced this trademark infringement action against Defendants on February 26, 2013, in the United States District Court for the District of Columbia. (Doc. #1). On March 17, 2014, the case was transferred to this Court under 28 U.S.C. § 1406(a). (Doc. #60). Before doing so, the D.C. District Court granted Plaintiff's motion for a temporary restraining order. (Doc. #37). This temporary restraining order was extended three times, the last of which expired on March 12, 2014, when the case was transferred here. (Doc. #60).

Plaintiff immediately moved this Court for a temporary restraining order and preliminary injunction that enjoined Defendants from infringing on its Marks. (Doc. #62). Only Defendant Bivins opposed Plaintiff's motion. (Doc. #69). On April 1, 2014, the Court granted the temporary restraining order but deferred ruling on the preliminary injunction. (Doc. #65 at 8-9).

Fourteen days later, the Court held a hearing on the preliminary injunction. (Doc. #76). Only Plaintiff and Defendant Bivins appeared. The Court granted the preliminary injunction (Doc. #76) and memorialized its ruling on January 22, 2015 (Doc. #117). As in the temporary restraining order (Doc. #65), the Court restrained, enjoined, and prohibited Defendants from, in pertinent part, (1) "[m]anufacturing, distributing, marketing, advertising, promoting, . . . offering for sale, . . . or otherwise distributing any merchandise that uses any of Plaintiff's registered or unregistered trademarks as depicted in Exhibits 3 and 4 to the First Amended Complaint (Doc. #116-3; Doc. #116-4), or any mark that is confusingly similar to Plaintiff's Marks"; and (2) "using any website to advertise, offer for sale, or sell any products bearing Plaintiff's registered or unregistered Marks, or linking any website or web content to any such website." (Doc. #117 at 2). The Court further ordered Defendants to "remove, within twenty-four (24) hours of receiving th[e] Order, all content from their FratHouse website (www.frathouseclothing.com), as well as FratHouse Clothing Facebook pages, Twitter, and Flickr website[s] depicting any of Plaintiff's registered or unregistered Marks, or any mark that is confusingly similar." (Id. at 3).

Plaintiff now moves to hold Defendants in contempt because they have allegedly not removed content promoting merchandise bearing Plaintiff's Marks from FratHouse Clothing's Facebook pages as previously directed by this Court. (Doc. #65; Doc. #117).

In support, Plaintiff presents twenty-nine (29) images of merchandise promoting its Marks that Goins posted (and/or reposted) on FratHouse Clothing's Facebook pages in late 2013. (Doc. #122-3). Plaintiff's Intellectual Property Specialist allegedly discovered these images on January 28, 2015, February 11, 2015, and March 22, 2015. (Id.). Since these images purportedly violate the preliminary injunction order, Plaintiff requests the following relief:

(1) Defendants be held in contempt of court for violating the Court's orders/injunctions;

(2) Defendants be sanctioned per day of violation of the Court's orders per infringing promotion;

(3) If Defendants cannot satisfy the Court that they will remove and keep the prohibited content off of the internet in accordance with the Court's orders, that the Court issue an order requiring FratHouse Clothing's website (home page www.frathouseclothing.com) and Facebook business page (home page www.facebook.com/frathouseclothing) to be taken down from the internet entirely;

(4) FratHouse Clothing and Goins be ordered to pay Plaintiff's costs and attorneys' fees associated with this motion; and

(5) Any other relief deemed appropriate by the Court.

(Doc. #122 at 1-2).

## DISCUSSION

A district court has the inherent power and authority to punish a party for disobeying or resisting its orders. See 18 U.S.C. § 401(3). "Where an injunction is ordered, the parties are bound to obey it and are under an obligation to take steps to insure that violations of the order, even inadvertent, do not occur. . . . An injunctive order is an extraordinary writ, enforceable by the power of contempt." Smith Barney, Inc. v. Hyland, 969 F. Supp. 719, 722 (M.D. Fla. 1997) (citations omitted); see also Alderwoods

Group, Inc. v. Garcia, 682 F.3d 958, 970 (11th Cir. 2012) ("[T]he court that enters an injunctive order retains jurisdiction to enforce its order.").

In a civil contempt proceeding, the moving party must present "clear and convincing" evidence that the court's order was violated. Howard Johnson Co., Inc. v. Khimani, 892 F.2d 1512, 1516 (11th Cir. 1990) (citations omitted). "'This clear and convincing proof must also demonstrate that 1) the allegedly violated order was valid and lawful; 2) the order was clear, definite and unambiguous; and 3) the alleged violator had the ability to comply with the order.'" McGregor v. Chierico, 206 F.3d 1378, 1383 (11th Cir. 2000) (citation omitted).

"[O]nce the moving party makes [its] *prima facie* showing that the court order was violated, the burden of production shifts to the alleged contemnor to show a 'present inability to comply that goes beyond a mere assertion of inability. . . .'" Howard Johnson, 892 F.2d at 1516 (citations omitted). "The focus of a court's inquiry in civil contempt proceedings is not on the subjective beliefs or intent of the alleged contemnors in complying with the court order, but whether in fact their conduct complied with the order at issue." Smith Barney, 969 F. Supp. at 722-23 (citations omitted). "Generally, conduct that evinces substantial but not complete compliance with a court's order may be excused in a contempt proceeding if it was made as part of a good-faith effort at compliance." Id. at 723 (citation omitted). A "person who attempts with reasonable diligence to comply with a court order should not be held in contempt." Newman v. Graddick, 740 F.2d 1513, 1525 (11th Cir. 1984).

If a district court finds a party in contempt, it has broad discretion in fashioning a contempt sanction "to ensure compliance, as long as the sanctions are not greater than

5

necessary." Smith Barney, 969 F. Supp. at 722 (citations omitted). "Such options include a coercive daily fine, a compensatory fine, attorney's fees, expenses to the aggrieved party, and coercive incarceration." Id. at 723 n.6.

Here, Defendants do not argue that the preliminary injunction order was invalid or unlawful, or unclear and ambiguous. Nor do they argue that they were unable to comply with its requirements. Instead, Defendants claim that they have made a good-faith effort to comply with the preliminary injunction order and that any images of merchandise promoting Plaintiff's Marks on FratHouse Clothing's Facebook pages were inadvertently left on the social media account. The Court agrees with Defendants.

At the Hearing on March 24, 2015, Goins testified about his efforts to remove images depicting Plaintiff's Marks from FratHouse Clothing's social media accounts. He also testified about the obstacles he has faced in doing so largely because Facebook did not offer him the capability to search FratHouse Clothing's photographs specifically for Plaintiff's Marks.[3] Consequently, Goins testified that, on several occasions, he combed through more than 20,000 individual photographs posted on Facebook. Because of said efforts, Goins admitted to discovering approximately fifteen (15) images of merchandise promoting Plaintiff's Marks sometime after the Court issued the preliminary injunction order but before Plaintiff filed the instant Motion. However, he removed those photographs upon discovery. Also, because of his due diligence in removing any offending images, Goins denied that any of the images Plaintiff presented in support of the instant Motion are on FratHouse Clothing's Facebook pages. Goins also testified that

---

[3] Goins testified that he is the sole account owner and manager of FratHouse Clothing's Facebook pages, meaning he alone is responsible for maintaining the social media account.

he checked the hyperlinks listed on the images that Plaintiff presents and that said images are not viewable on Facebook.[4]

Accordingly, after careful consideration of the record, the parties' arguments at the hearing, and applicable law, the Court finds that Defendants have made a good-faith effort to comply with the Court's orders and will excuse the past violations now at issue. See Smith Barney, 969 F. Supp. at 723. Defendants have shown to the Court's satisfaction that any offending images on FratHouse Clothing's Facebook pages were inadvertently left on the social media account after reasonable efforts were expended to ensure removal.

To the extent Plaintiff argues that the custom order form on FratHouse Clothing's store website is contemptuous, the Court disagrees. FratHouse Clothing's Facebook pages offer hyperlinks to its website, and the website, in turn, offers an order form by which an individual may request custom merchandise bearing symbols not otherwise advertised. According to Plaintiff, an individual may view merchandise on FratHouse Clothing's Facebook pages, click the website hyperlink, and order an item bearing their Marks. Plaintiff's concern is unfounded. First, FratHouse Clothing's custom order form is generic and merely a tool for the company to facilitate business. Second, Goins testified that he has refused, on two occasions, to grant custom orders bearing Plaintiff's Marks since the preliminary injunction. Plaintiff has not presented any evidence or argument to the contrary.

---

[4] At the hearing, Plaintiff presented images purportedly on FratHouse Clothing's Facebook pages as of March 22, 2015, that depicted merchandise bearing Plaintiff's Marks. After the hearing, however, the Court tested several of the URLs listed on the images and received an error message stating, "[t]his content is currently unavailable."

Having excused Defendants' breach of the preliminary injunction order, the Court will not impose any sanctions. The Court is satisfied that any outstanding contempt will be promptly corrected and Defendants understand their <u>complete</u> compliance is mandatory. See <u>EEOC v. Guardian Pools, Inc., 828 F.2d 1507, 1515 (11th Cir. 1987)</u> (explaining "the purposes of civil contempt sanctions are 'to coerce the defendant into compliance with the court's order,' and to compensate the complainant for losses sustained" (citation omitted)). The Court's leniency, however, should not be taken as a sign that any subsequent issue will be treated so kindly. On the contrary, any future failure of Defendants to comply with the Court's preliminary injunction order will be met with swift action to ensure full remedial relief.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff Delta Sigma Theta Sorority, Inc.'s Motion for an Order to Show Cause and to Hold Defendants in Contempt (Doc. #122) is **DENIED.**

(2) Defendants' Motion to Strike Plaintiff's Motion for an Order to Show Cause and to Hold Defendants in Contempt (Doc. #126) is **DENIED as moot**.

**DONE** and **ORDERED** in Fort Myers, Florida this 26th day of March 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All parties of record