UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DELTA SIGMA THETA SORORITY, INC.,

    Plaintiff,

v.                                  Case No.: 2:14-cv-147-FtM-38CM

LETISHA D. BIVINS, ALPHONSO D. GOINS, FRATHOUSE CLOTHING, LLC,

    Defendants.
_____/

**ORDER**[1]

This matter is before the Court on Defendants Letisha D. Bivins, Alphonso D. Goins, and Frathouse Clothing, LLC's Partially Unopposed Joint Motion to Strike Plaintiff's First Amended Complaint and Exhibits 8, 9, and 11 With Leave to Refile the First Amended Complaint and Exhibits 8 and 9 in Conformance With the Agreement of the Parties filed on April 7, 2015. (Doc. #143). Plaintiff Delta Sigma Sorority, Inc. does not oppose the relief requested. (Id. at 1 n.1, 7). Thus, this matter is ripe for review.

On February 9, 2015, Defendants moved to strike paragraph 29 of the First Amended Complaint and Exhibits, 8, 9, and 11 attached thereto. (Doc. #120; Doc. #121). The Court denied Defendants' motion without prejudice because they did not file a proper

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Local Rule 3.01(g) certification. (Doc. #132). As such, the Court directed the parties to confer in a good faith attempt to resolve the issues raised in Defendants' motion to strike. (Id. at 3). The parties now advise the Court that they have met and reached an agreement on the matter. The Court will discuss the agreement in turn below.

1. **Paragraph 29 of the First Amended Complaint**

Defendants move to strike paragraph 29 of the First Amended Complaint, which reads, "Ms. Bivins has an intimate relationship with Mr. Goins, such that, notwithstanding any purported assignment of her interest in FratHouse to Mr. Goins, she has incentives to continue, support and facilitate, and has in fact continued, supported and facilitated, FratHouse's and Goins' illegal activities. *See* Ex. 11 (copies of postings from FratHouse Facebook page indicating Ms. Bivins' and Mr. Goins' close relationship)." (Doc. #116 at ¶ 29; Doc. #116-11). According to Defendants, this paragraph is scandalous and inflammatory and thus must be stricken under Rule 12(f) of the Federal Rules of Civil Procedure. (Doc. #143 at 3-4); Fed. R. Civ. P. 12(f) ("The court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."). Under the parties' agreement, Plaintiff will revise the paragraph to read: "Upon information and belief, notwithstanding any purported assignment of her interest in FratHouse to Mr. Goins, Ms. Bivins has in fact continued, supported and facilitated FratHouse's and Goins' illegal activities." (Doc. #143 at 4). The Court finds the parties' agreement to be reasonable, and thus strikes paragraph 29 of the First Amended Complaint and orders Plaintiff to refile a Second Amended Complaint using the agreed upon language.

2. **Exhibits 8 and 9 to the First Amended Complaint**

Next, Defendants move to strike Exhibits 8 and 9 to the First Amended Complaint (Doc. #116-8; Doc. #116-9). Exhibit 8 consists of Defendant Goins' objections and responses to interrogatory requests and requests for production served during jurisdictional discovery. (Doc. #116-8). Exhibit 9 is a collection of PayPal, Inc. documents also produced during jurisdictional discovery, and to which Plaintiff added headings, and highlighted and redacted certain data. (Doc. #116-9). Since Exhibits 8 and 9 were produced during discovery, Defendants argue Plaintiff improperly attached them to the First Amended Complaint in violation of the Federal Rules of Civil Procedure and Middle District of Florida Local Rules. (Doc. #143 at 4-5); see Fed. R. Civ. P. 5(d)(1) (stating "the following discovery requests and responses must not be filed until they are used in the proceedings or the court orders filing: depositions, interrogatories, requests for documents . . . and requests for admission"); M.D. Fla. Local R. 3.03(b) ("The interrogatories as answered or objected to shall not be filed with the Court as a matter of course, but may later be filed by any party in whole or in part if necessary to presentation and consideration of a motion to compel, a motion for summary judgment, a motion for injunctive relief, or other similar proceedings."). As to Exhibit 9, Defendants also argue that it is misleading because Plaintiff changed the substance of this exhibit by inserting headings.

The Court need not decide whether Federal Rule of Civil Procedure 5(d)(1) and Middle District of Florida Local Rule 3.03(b) prohibit Plaintiff from attaching the discovery responses to the First Amended Complaint, because the parties have reached an agreement on the matter. Specifically, Plaintiff will refile Exhibits 8 and 9 with the following restrictions:

3

- Plaintiff will limit Exhibit 8 to Plaintiff's Interrogatory Request No. 2 (including page one (1) identifying the type of discovery request served and page seven (7), the signature page of Plaintiff's counsel), and Defendant Goins' response to Interrogatory Request No. 2, general objections, and signature/verification page.

- Plaintiff will clarify in Exhibit 9 that it (a) highlighted certain entries to the "IP Summary"; (b) added two headings titled, "PayPal Account Activity Log" and "PayPal Transaction Log," to the PayPal, Inc. documents and that the information listed under these headings are excerpts from the account activity log and transaction log received from PayPal, Inc.; and (c) redacted third party mailing addresses from the information presented. In addition, Plaintiff will redact any reference to the month and date of Defendant Bivins' birthdate and email address of Defendant FratHouse Clothing's customers from Exhibit 9.

(Doc. #143 at 4-6). The Court finds the parties' agreement as to Exhibits 8 and 9 to be reasonable. Accordingly, it strikes Exhibits 8 and 9 of the First Amended Complaint and orders Plaintiff to file a Second Amended Complaint that complies with the parties' agreement.

### 3. Exhibit 11 of the First Amended Complaint

Finally, Defendants move to strike Exhibit 11 of the First Amended Complaint because it includes photographs of Defendants' minor children that were posted on Defendant FratHouse Clothing's Facebook page. (Doc. #116-11). According to Defendants, the photographs are scandalous and immaterial to the trademark infringement claims at issue in this case. (Doc. #143 at 6). Plaintiff does not oppose the

Court removing Exhibit 11.  (Id. at 6).  Accordingly, the Court strikes Exhibit 11 of the First Amended Complaint.

In conclusion, the Court strikes paragraph 29 of the First Amended Complaint and Exhibits 8, 9, and 11 attached thereto.  The Court orders Plaintiff to file a Second Amended Complaint and Exhibits 8 and 9 in accordance with the parties' agreement as represented in this Order.

Accordingly, it is now **ORDERED:**

(1) Defendants Letisha D. Bivins, Alphonso D. Goins, and Frathouse Clothing, LLC's Partially Unopposed Joint Motion to Strike Plaintiff's First Amended Complaint and Exhibits 8, 9, and 11 With Leave to Refile the First Amended Complaint and Exhibits 8 and 9 in Conformance With the Agreement of the Parties (Doc. #143) is **GRANTED**.

(2) Plaintiff Delta Sigma Theta, Inc. is **DIRECTED** to file a Second Amended Complaint, which is consistent with this Order and the parties' agreement, on or before **April 17, 2015**.  Defendants Letisha D. Bivins, Alphonso D. Goins, and Frathouse Clothing, LLC have fourteen (14) days after Plaintiff files the Second Amended Complaint to file a response.

(3) The Clerk of Court is directed to **STRIKE** the First Amended Complaint (Doc. #116) and remove it from the record.

**DONE and ORDERED** in Fort Myers, Florida on this 10th day of April, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

5