**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

| | |
|---|---|
| DELTA SIGMA THETA SORORITY, INC., )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>LETISHA D. BIVINS, ALPHONSO D. GOINS, )<br>FRATHOUSE CLOTHING, LLC, )<br>)<br>    Defendants. )<br>_____) | Case No. 2:14-CV-147-FtM-38CM |

## STIPULATED PERMANENT INJUNCTION ORDER AND SETTLEMENT ORDER

Plaintiff Delta Sigma Theta Sorority, Incorporated and Defendants Letisha D. Bivins, Alphonso D. Goins and FratHouse Clothing, LLC (collectively "the Parties") have entered into a confidential agreement to settle all claims and counterclaims in this litigation (hereinafter "the Agreement").  Defendants do not admit the allegations of the Second Amended Complaint or otherwise admit to liability in this litigation.  However, Defendants waive the entry of findings of facts and conclusions of law and consent to the entry of this permanent injunction in accordance with the terms of the Agreement and without admitting that grounds exist for the imposition of an injunction.

In addition, the Parties have requested that the Court retain jurisdiction through July 31, 2016, so that, in the event of a material breach of the Agreement for which the Agreement allows monetary damages, including liquidated damages, an aggrieved Party may promptly seek a judgment for such damages, or, as permitted by the Agreement, the litigation may be renewed.

**NOW, THEREFORE**, it is accordingly **ORDERED, ADJUDGED AND DECREED**:

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

2. The Parties have entered into a confidential agreement to settle all claims and counterclaims in this litigation.

3. Defendants waive the entry of findings of facts and conclusions of law and consent to the entry of this permanent injunction without admitting that grounds exist for the imposition of an injunction.

4. Each of the Defendants is permanently **RESTRAINED, ENJOINED, and PROHIBITED** from:

    a. Manufacturing, distributing, marketing, advertising, promoting, transporting, disposing of, donating, or offering for sale, or otherwise distributing any merchandise that uses any of Plaintiff's registered or unregistered Marks as shown on the accompanying Schedules A and B, or any mark that is confusingly similar to Plaintiff's Marks.

    b. Hosting, acting as Internet Service Provider for, operating, or using any website to advertise, offer for sale, or sell any products bearing Plaintiff's registered or unregistered Marks, or linking any website or web content to any such website.

    c. Using any email address; email list; electronic bulletin board; listserv, etc., to offer for sale or sell any merchandise bearing Plaintiff's registered or unregistered trademarks.

d. Falsely stating or implying Plaintiff's endorsement, support, or approval of the respective Defendant's merchandise or engaging in any act or series of acts which, either alone or in combination, constitute unfair methods of competition with Plaintiff, and from otherwise interfering with or injuring Plaintiff's Marks or the goodwill associated therewith.

e. Engaging in any act which is likely to dilute the distinctive quality of the Plaintiff's Marks and/or injure the Plaintiff's reputation and/or goodwill.

f. Representing or implying that the respective Defendant is in any way sponsored by or affiliated with, or have been endorsed, approved, or licensed by Plaintiff.

g. Secreting, destroying, altering, removing, or otherwise dealing with merchandise bearing Plaintiff's Marks, or any books or records of any type that contain any information relating to the manufacturing, producing, importing, exporting, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, or displaying of merchandise that infringes upon Plaintiff's Marks.

h. Effecting assignments or transfers, forming new entities or associations, or using any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in this Order.

i. Assisting, inducing, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in the preceding letter numbered paragraphs.

5. Each of Defendants shall provide a copy of this Stipulated Permanent Injunction Order and Settlement Order to each of their agents, officers, employees, representatives, successors, assigns, and all other persons acting for, with, by, through, or under the respective Defendant's authority, or in concert or participation with the Defendant with respect to the issues involved in this litigation and/or the activities of Defendant FratHouse Clothing, LLC.

6. The Parties shall bear and be responsible for their own attorneys' fees and costs.

7. In accordance with Rule 3.08 of the Rules of the United States District Court for the Middle District of Florida, for purposes of administratively closing the file, the Court hereby ORDERS that the case is DISMISSED subject to the right of any party, during the period up to and including **July 31, 2016**, to move the Court for entry of a stipulated form of final order or judgment, or, on good cause shown, to reopen the case for further proceedings.

8. Additionally, the Court shall retain jurisdiction hereafter to implement and enforce this permanent injunction.

9. The Clerk is directed to administratively close the case file.

**DONE and ORDERED** in Fort Myers, Florida this 25th day of June, 2015.

*[signature]*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record